IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS APPRENTICESHIP
AND TRAINING FUND, BUILDING & PUBLIC
WORKS LABORERS VACATION FUND, and
KENT MILLER (in his capacity as Trustee),
WISCONSIN LABORERS DISTRICT COUNCIL, and
WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST FUND,

                Plaintiffs,

   v.

DANE COUNTY CONTRACTING, LLC, and
THOMAS R. RICHARDS,

                Defendants.

OPINION and ORDER

23-cv-1-jdp

---

Plaintiffs are employee benefit funds governed by the Employee Retirement Income Security Act. They allege that defendant Dane County Contracting, LLC, violated ERISA by failing to remit required contributions to the funds and that Dane County Contracting's owner, defendant Thomas Richards, committed civil theft by spending money that should have gone toward contributions on other things, including payments to suppliers. Dkt. 1. Dane County Contracting filed a suggestion of bankruptcy with the court, Dkt. 7, which automatically stayed the case as to that defendant under the bankruptcy code. *See* 11 U.S.C. § 362(a)(1). The court asked the parties to file submissions addressing whether the case should be stayed as to Richards as well. Dkt. 10.

The parties have filed their responses. Dkt. 11 (plaintiffs); Dkt. 13 (Richards).[1] The parties agree that the bankruptcy code's automatic stay provision does not apply to Richards, but they disagree over whether it is appropriate to stay the case to promote judicial economy. Richards has not shown that he is entitled to a stay, so plaintiffs' claims against Richards will proceed.

ANALYSIS

Plaintiffs contend that their suit should proceed against Richards while Dane County Contracting goes through bankruptcy. Richards disagrees, contending that the case should be stayed as to him until the stay over Dane County Contracting is lifted. In general, a bankruptcy stay does not automatically extend to non-bankrupt co-defendants. *See Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983). The stay may apply to third parties who have "such a similarity of interests" with the debtor that failing to stay the case as to the third party will jeopardize the assets of the debtor. *See Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations*, 140 F.3d 661, 666 (7th Cir. 1998). But Richards provides no evidence or argument that a judgment against him would jeopardize the assets of Dane County Contracting's bankruptcy estate, so he isn't entitled to a stay under § 362(a)(1).

Richards contends that the court should exercise its inherent authority to stay the case in the interest of judicial economy. The court has the power to stay proceedings to promote "economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299

---

[1] Although the court did not request reply briefs, Richards filed a reply to plaintiff's response without seeking leave to do so. Dkt. 15. The court nevertheless considered Richards' reply brief in deciding whether to grant a stay.

U.S. 248, 254 (1936). That inherent authority includes the power to stay proceedings if the party seeking the stay would be spared "hardship or inequity," the prejudice to the other parties would be comparatively minor, and the stay would significantly advance judicial economy. *Id*. at 255; *see Freed v. Friedman*, 215 F. Supp. 3d 642, 658 (N.D. Ill. 2016). As the proponent of the stay, Richards has the burden to show that a stay is appropriate. *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

Richards does not identify any hardship that he would suffer if plaintiffs' claims moved forward. As for prejudice to the plaintiffs, plaintiffs state that staying the case against Richards would increase the danger of prejudice resulting from the loss of evidence, including the destruction of documents held by third parties who are unaware of this litigation. Richards contends that this harm is speculative. But if there is even a "fair possibility" that the stay will harm the non-moving party, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. There is at least a fair possibility that a stay will disadvantage the plaintiffs, and Richards has not shown that he would be unfairly harmed if plaintiffs proceeded on their claims against him.

As for judicial economy, Richards contends that a stay would save judicial resources because plaintiffs' claims against him are based on the same facts as their claims against Dane County Contracting. But Richards has not shown that staying the claims against him would significantly streamline the litigation. Richards argues that if the case against him proceeds, the court will be required to "oversee and adjudicate discovery, decide disputes between the parties, and issue findings of fact and conclusions of law" that would apply only to him. Dkt. 13, at 4. But the court would have to do those things regardless whether the case was proceeding against Dane County Contracting at the same time. Richards and Dane County Contracting are

3

represented by different counsel, and, more important, plaintiffs' claims for civil theft and conversion against Richards are legally distinct from their ERISA and contract claims against Dane County Contracting. So even if plaintiffs were proceeding on their claims against Dane County Contracting, the court would still need to resolve disputes between Richards and the plaintiffs, and it would still need to adjudicate the merits of the plaintiffs' claims against Richards. If allowing plaintiffs' claims against Richards to proceed would result in duplicative litigation, that inconvenience would fall on the *plaintiffs* as they litigated the case in two stages.

Richards does not articulate any hardship that he would suffer if the case against him proceeded; he has not shown that the prejudice to plaintiffs from a stay will be minimal; and has not shown that a stay will significantly advance judicial economy. Richards has not shown that he is entitled to a stay, so plaintiffs may proceed on their claims against him.

ORDER

IT IS ORDERED that defendant Thomas Richards's request to stay the case, Dt. 13, is DENIED. The court will hold a preliminary pretrial conference to set the case schedule.

Entered April 12, 2023.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge