IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WISCONSIN LABORERS HEALTH FUND, *et al.*,

                Plaintiff,

v.

DANE COUNTY CONTRACTING, LLC,

                Defendant,

and THOMAS R. RICHARDS,              OPINION and ORDER
                                                                               23-cv-1-jdp
                Defendant,
                Third-Party Plaintiff

v.

TRISHA MAYER, and BRIAN PONGRATZ,

                Third-Party Defendants.

---

Plaintiffs are employee benefit funds affiliated with a union. Plaintiffs' allege that defendant Dane County Contracting, LLC, violated the Employee Retirement Income Security Act by failing to remit required contributions to the funds. They also allege that defendant Thomas Richards, the owner of Dane County Contracting, committed civil theft by taking money that should have gone toward the contributions. Dkt. 25. For his part, Richards claims that he is entitled to indemnification and contribution from Brian Pongratz, the co-owner of Dane County Contracting, and Trisha Mayer, one of its employees. Dkt. 26.

Two issues are before the court. First, plaintiffs move for default judgment against Dane County Contracting. Dkt. 28. Second, Mayer seeks to get out of the case. Dkt. 37; Dkt. 40. Plaintiffs' motion for default judgment is premature. The court agrees that Mayer isn't properly part of the case.

ANALYSIS

A.  **Plaintiffs' motion for default judgment**

After Dane County Contracting failed to appear, plaintiffs moved for default judgment. Dkt. 28. The clerk of court entered default. Dkt. 34. But the motion for default judgment is premature.

A court may not enter judgment as to some but not all defendants unless entry of partial judgment satisfies the requirements of Federal Rule of Civil Procedure 54(b). *See Peerless Network, Inc. v. MCI Commc'ns Servs., Inc.,* 917 F.3d 538, 543 (7th Cir. 2019) (setting forth the test under Rule 54(b)). Richards has timely answered the amended complaint, and plaintiffs have neither moved for judgment against him nor shown that the requirements for entering partial judgment under Federal Rule of Civil Procedure 54(b) have been satisfied. The court will deny plaintiffs' motion for default judgment without prejudice.

B.  **Mayer's motion to dismiss and motion for default judgment**

Mayer moved to dismiss Richards's third-party complaint against her. When Richards's deadline to respond to the motion passed, Mayer moved for entry of default against him. But a default judgment against Richards isn't appropriate, because Mayer isn't seeking any affirmative relief from him. Fed. R. Civ. P. 55(a).

But Richards's failure to respond to the motion to dismiss constitutes a waiver of any potential arguments in opposition to the motion. *Alioto v. Town of Lisbon,* 651 F.3d 715, 721 (7th Cir. 2011). When a plaintiff does not oppose a motion to dismiss, the court need not do his research for him to discover whether there might be something to say against the defendant's reasoning. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). Mayer has provided plausible reasons to dismiss the third-party complaint, so the court will

grant her unopposed motion. The case has been pending since January 2023. Richards filed his answer in February, but he waited until August to file his third-party complaint. Given this delay, the court will dismiss the claims against Mayer with prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for default judgment, Dkt. 28, is DENIED without prejudice.

2. Third-party defendant Trisha Mayer's motion to dismiss, Dkt. 37, is GRANTED; the claims against her are dismissed with prejudice

3. Mayer's motion for entry of default, Dkt. 40, is DENIED.

Entered November 9, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge